UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-22215-RAR

**STANISLAV SMIT**,

       Plaintiff,

v.

**VARSENIK PAPAZIAN**,
*U.S. Citizenship and Immigration Services*
*Miami Asylum Office Director*,

       Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss ("Motion"), [ECF No. 7]. Having considered Defendant's Motion, the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss, [ECF No. 7], is **GRANTED** for the reasons stated herein.

## BACKGROUND

Plaintiff filed a Complaint on June 9, 2024, seeking a Writ of Mandamus and/or Order to Compel under the Administrative Procedure Act to require United States Citizenship and Immigrations Services ("USCIS") and Defendant to adjudicate Plaintiff's Application for Asylum ("Application"). *See* [ECF No. 1]. On August 6, 2024, the Court entered an order staying the case until October 28, 2024, to allow USCIS to interview Plaintiff and to adjudicate his Application. *See* [ECF No. 6].

On October 24, 2024, Defendant filed the instant Motion, which informs the Court that USCIS interviewed Plaintiff and approved his Application on September 23, 2024. *See* Mot. at 1;

*see also* [ECF No. 7-1] (USCIS Notice approving Plaintiff's Application). Accordingly, the Motion argues the Court should dismiss Plaintiff's Complaint because Plaintiff's Application was approved, and, consequently, Plaintiff has received the relief he sought, rendering the case moot. *See* Mot. at 2. On October 25, 2024, the Court entered an Order requiring Plaintiff to either file a Response to the Motion indicating his position or submit a Notice of Voluntary Dismissal if the parties are in agreement as to mootness. [ECF No. 8]. To date, Plaintiff has not submitted either a Response or a Notice of Voluntary Dismissal.

## **ANALYSIS**

The Court's jurisdiction is limited to "cases" or "controversies" as prescribed by Article III of the Constitution. *See Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (citing U.S. Const. art. III, § 2). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) (citation omitted). A case is moot when "it no longer presents a live controversy with respect to which the court can give meaningful relief." *Id.* (quoting *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health and Rehab. Servs.*, 225 F.3d 1208, 1216–17 (11th Cir. 2000)). And if a case is moot, "dismissal is required because mootness is jurisdictional." *Id.* (citation omitted).

Separately, "[p]ursuant to Fed. R. Civ. P. 41(b), a district court may *sua sponte* dismiss a [litigant's] action for failure to comply with the rules or any order of the court." *Owens v. Pinellas Cty. Sheriff's Dep't*, 331 F. App'x 654, 656 (11th Cir. 2009). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006).

Here, Defendant has credibly shown that it has approved Plaintiff's Application, providing the Court with the relevant USCIS Notice. *See* [ECF No. 7-1]. This is precisely the relief Plaintiff sought in his Complaint. *See* [ECF No. 1]. As such, it appears this case no longer presents a "live controversy" and dismissal for mootness is required. *See Al Najjar*, 273 F.3d at 1336. Additionally, Plaintiff has not filed either a Response to the Motion or a Notice of Voluntary Dismissal, as required by the Court's Order of October 25, 2024. *See* [ECF No. 8]. Accordingly, dismissal is further warranted given Plaintiff's failure to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Zocaras*, 465 F.3d at 483.

## CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint is now moot and dismissal is required for lack of jurisdiction and for failure to comply with this Court's Orders. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss, [ECF No. 7], is **GRANTED**.

2. Plaintiff's Complaint, [ECF No. 1] is **DISMISSED** *without prejudice*.

3. The Clerk is instructed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 31st day of October, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**